# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY D. TAYLOR,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 12-386-FHS-KEW |
| **JUSTIN JONES,** | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction in Atoka County District Court Case Number CF-2009-27 for Trafficking in Illegal Drugs, Marijuana.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Petitioner has not filed a response to the motion to dismiss.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on February 14, 2011, in *Taylor v. State*, No. F-2009-1023 (Okla. Crim. App. Feb. 14, 2011).  His conviction, therefore, became final on May 15, 2011, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired).  Pursuant to the AEDPA, petitioner's statutory year began to run on May 16, 2011, and it expired on May 16, 2012.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final).  This habeas corpus petition, filed on September 17, 2012, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.  On September 10, 2010, petitioner filed an application for judicial review of sentence, and it was denied on the same date.  He did not appeal the denial.  The application for judicial review was filed before petitioner's conviction was affirmed on appeal on February 14, 2011, so it was not pending during the statutory one-year time limitation.

Petitioner also filed a request for post-conviction relief in the Atoka County District Court on January 27, 2011, which was denied on February 23, 2011, before his appeal became final on May 15, 2011.  Again, no appeal was filed.  Because neither of petitioner's post-conviction proceedings were pending during the statutory year, neither proceeding had

any tolling effect under 28 U.S.C. § 2244(d).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 24th day of June, 2013.

Frank H. Seay
United States District Judge